[J-20-2016] [M.O. - Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,

Appellant

v.

CLAUDE DESCARDES,

Appellee

: No. 27 MAP 2015
:
: Appeal from the Order of the Superior
: Court dated 9/23/14 at No. 2836 EDA
: 2010 which reversed/remanded the
: Order of the Court of Common Pleas of
: Montgomery County, Criminal Division,
: dated 9/23/10 at No. CP-46-CR-
: 0000617-2006.
:
: ARGUED:  September 10, 2015
: RESUBMITTED:  January 20, 2016


**CONCURRING OPINION**


**CHIEF JUSTICE SAYLOR**                    **DECIDED:  March 29, 2016**


I join the majority opinion and write only to elaborate on my own position concerning a few points.

First, I have some difficulty with the use of the term "collateral consequence" in the deportation setting.  In this regard, the Supreme Court of the United States has explained:  "Deportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or a collateral consequence," and "the collateral versus direct distinction is thus ill suited to evaluating" claims of deficient attorney stewardship centered upon advice about deportation.  *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482 (2010).

Secondly, while styled differently, in substance Appellee's claim embodies an entreaty for *Padilla* to be applied retroactively.  *See, e.g.*, Brief for Appellee at 8 ("Descardes was never eligible to file for PCRA relief as the right to legal advice regarding the collateral consequence of deportation . . . did not exist at the time the PCRA took effect.").  The PCRA, however, imposes express limitations on such claims, rendering relief available only where:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section *and has been held by that court to apply retroactively.*

42 Pa.C.S. §9545(b)(1)(iii) (emphasis added).  Per this prescription, it was the Legislature's express intention to condition the availability of post-conviction relief in the face of new constitutional rulings upon the legal assessment of retroactivity by a court of last resort.[1]  Accordingly, in my view -- however Appellee's claim may be framed or reframed – for present purposes, the Supreme Court of the United States' decision that *Padilla* is not retroactive is dispositive.  *See Chaidez v. United States*, ___ U.S. ___, ___, 133 S. Ct. 1103, 1113 (2013).

Justice Dougherty joins this concurring opinion.

---

[1] The plain language of the statute appears to require the retroactivity decision to be made by the court that issued the underlying constitutional ruling in the first instance.  Given that the Supreme Court of the United States has afforded state courts some latitude in fashioning their own retroactivity jurisprudence relative to federal constitutional rulings, *see Danforth v. Minnesota*, 552 U.S. 264, 282, 128 S. Ct. 1029, 1042 (2008), and that the policy basis for withholding the availability of relief under Section 9545(b)(1)(iii) in scenarios in which this Court might provide for broader retroactive application is not immediately apparent, I reserve further comment on this point for consideration in an appropriate case.